*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER A. CLARK,

Defendant-Appellant.

UNPUBLISHED
April 18, 2019

No. 342635
Wayne Circuit Court
LC No. 07-004186-01-FC

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right from his resentencing of 30 to 60 years' imprisonment, with credit for 3,480 days served, for his 2007 conviction of first-degree felony murder, MCL 750.316(1)(b). Defendant was 17 years old at the time he committed the offenses that gave rise to his original sentence, which was to life imprisonment without parole. We affirm.

## I. BACKGROUND

In 2007, when defendant was 17 years old, he was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, assault with intent to rob while armed (AWIR), MCL 750.89, assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and possession of a firearm during the commission a felony (felony-firearm), MCL 750.227b. In a prior appeal, this Court summarized the case, in relevant part, as follows:

> Defendant's convictions arise from a robbery and the shooting of two people. Evidence presented at trial revealed that the victims were sitting in a parked car when defendant and four of his acquaintances approached. Defendant demanded that the man in the driver seat open the window. Defendant then fired a shot that killed the man in the driver seat and wounded the other man in the vehicle. Defendant and his acquaintances took the dead man's cell phone, along with other items. The police later located one of defendant's accomplices […] through the cell phone usage. [The accomplice] implicated defendant and the other three persons involved. When the police interviewed these suspects, each

-1-

one identified defendant as the gunman. Before trial, all four of defendant's accomplices entered into plea agreements in exchange for testimony. The plea agreements required each of the accomplices to testify against defendant. [*People v Clark*, unpublished per curiam opinion of the Court of Appeals, issued October 14, 2008 (Docket No. 278957), p 1.]

As noted, defendant was sentenced to life imprisonment without parole for felony murder. Defendant was also sentenced to 14 to 40 years' imprisonment for armed robbery and AWIR, 2 to 10 years' imprisonment for AWIGBH, and two years' imprisonment for felony-firearm. This Court affirmed defendant's convictions and sentences. *Id*. Only defendant's resentencing for felony murder is at issue in this appeal.

In 2012, the United States Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v Alabama*, 567 US 460, 479; 132 S Ct 2455; 183 L Ed 2d 407 (2012). Following *Miller*, "our Legislature enacted MCL 769.25, which set forth the procedure for resentencing criminal defendants who fit *Miller*'s criteria." *People v Wiley*, 324 Mich App 130, 137; 919 NW2d 802 (2018). Our Legislature also accurately predicted, see *Montgomery v Louisiana*, 577 US __; 136 S Ct 718; 193 L Ed 2d 599 (2016), that the United States Supreme Court would make *Miller* apply retroactively; it therefore "simultaneously enacted MCL 769.25a, which set forth the procedure for resentencing defendants who fit *Miller*'s criteria even if their cases were final." *Wiley*, 324 Mich App at 137. Because the prosecution did not move to reimpose defendant's original sentence, MCL 769.25a(4)(c) provides, in relevant part, that "the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." As noted, the trial court resentenced defendant to 30 to 60 years' imprisonment in place of his original sentence of life without parole for felony murder.

## II. ARGUMENT AND STANDARD OF REVIEW

Defendant argues that the trial court erred when it resentenced him to a minimum 30-year term for his murder conviction. Defendant contends that his self-reformation and rehabilitation during his 10 years of incarceration show that imposing a minimum term of 25 years would have been reasonable and proportionate. "This Court reviews sentencing decisions for an abuse of discretion." *People v Skinner,* 502 Mich 89, 131; 917 NW2d 292 (2018). An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Skinner*, 502 Mich at 131-132.

## III. WAIVER

The trial court's sentence was imposed pursuant to an agreement between the prosecutor and defendant's attorney, both of whom affirmatively requested that the trial court impose a minimum term of 30 years. The trial court noted that it had not been a party to any such

agreement, but, after providing defendant the opportunity for allocution, the trial court ultimately imposed the 30-year minimum sentence as requested. A defendant may not generally obtain appellate relief based on "something that his own counsel deemed proper," *People v Breeding*, 284 Mich App 471, 486; 772 NW2d 810 (2009), or "an error to which he contributed by plan or negligence." *People v Bosca*, 310 Mich App 1, 29; 871 NW2d 307 (2015). Because defendant affirmatively requested the 30-year minimum sentence, he has waived any right to challenge that sentence. See *People v McGraw*, 484 Mich 120, 138; 771 NW2d 655 (2009).

Defendant accurately points out that he personally "did not make that request." Nevertheless, parties, including criminal defendants, are generally bound to waivers effectuated by counsel. *People v Carter*, 462 Mich 206, 217-218; 612 NW2d 144 (2000). The transcript of the sentencing hearing indicates that defendant was aware of and had no apparent objections to the 30-year agreement. "A prisoner who defends by counsel, and silently acquiesces in what they agree to, is bound in the same manner as any other principal by the act of his agent." *People v Sanford*, 252 Mich 240, 253; 233 NW 192 (1930). Because defendant does not argue that he received ineffective assistance of counsel or present any other grounds for not being bound by his counsel's conduct, we reiterate that defendant waived any right to challenge the 30-year minimum sentence.

## IV. PROPORTIONALITY

Nevertheless, presuming for the sake of argument that defendant had not waived his challenge to the 30-year minimum sentence, we disagree with defendant's argument that the sentence was disproportionate. Criminal sentences *that depart from the applicable guidelines range* are reviewed for reasonableness, meaning that any sentence imposed must not violate the "principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520-521; 909 NW2d 458 (2017). Critically, defendant's minimum sentence is within the minimum sentence range of 25 years to 40 years specified by MCL 769.25a(4)(c). "Legislatively mandated sentences are presumptively proportional and presumptively valid." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011). Defendant's minimum sentence of 30 years is therefore presumptively proportionate and reasonable.

The presumption is not irrebuttable, and it may be overcome if a defendant "present[s] unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Defendant argues that his self-reformation and rehabilitation render his sentence disproportionate. We commend defendant's efforts to improve himself. Nevertheless, we are unpersuaded that a 30-year minimum sentence is disproportionate in light of the circumstances of the offense, the apparent crime spree defendant engaged in thereafter, and the effect of defendant's crimes on the victims and their families. The trial court imposed a sentence closer to the low end of the statutory range than to the high end, which appears to reflect its recognition of defendant's

efforts at reformation and rehabilitation. Accordingly, the trial court imposed a proportionate sentence.

Affirmed.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra